ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>SANTOS JOEL LARACUENTE VÉLEZ<br><br>Recurrido | KLCE202500588 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR202100348, ISCR202100349, ISCR202201126, ISCR202201127, ISCR202201128<br><br>Sobre: Art. 404 SC Posesión sust. cont. sin receta |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Compareció ante nos el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (en adelante, "el Pueblo" o "peticionario"), mediante recurso de *Certiorari* presentado el 29 de mayo de 2025. Nos solicitó la revocación de la *Resolución y Orden* emitida el 6 de marzo de 2025, reducida a escrito el 15 de abril de 2025 y notificada el 21 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro primario"). Mediante esta, el foro primario declaró *Con Lugar* una solicitud de exención de pago de una pena especial al amparo de la Ley Núm. 34-2021, conocida como "Ley para la imposición de la Pena Especial del Código Penal de Puerto Rico", 4 LPRA sec. 1661 *et seq.* (en adelante, "Ley Núm. 34-2021").

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

Número Identificador
SEN2025_____

Por los fundamentos discutidos a continuación, **se expide** el auto de *Certiorari* y **se revoca** la determinación recurrida.

**-I-**

El 1 de junio de 2023, el foro primario dictó *Sentencia*[2] contra el Sr. Santos Joel Laracuente Vélez (en adelante, "señor Laracuente Vélez") por infracción a los Artículos 404 y 412 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la *Ley de Sustancias Controladas de Puerto Rico*, 24 LPRA secs. 2404 y 2412, y por el Artículo 285 de la Ley Núm. 146-2012, según enmendada, conocida como *Código Penal de Puerto Rico de 2012*, 33 LPRA sec. 5378. Además, el foro primario le impuso el pago de $300.00 de la pena especial por cada uno de los nueve (9) cargos.

El 22 de enero de 2025, el señor Laracuente Vélez —representado por la Sociedad para Asistencia Legal (en adelante, "SAL") a través del Lcdo. Carlos Rossy Fullana— presentó *Moción solicitando se exima de la pena especial al amparo de la Ley 34*.[3] Explicó que, como parte de su sentencia, se le impuso al señor Laracuente Vélez el pago de una pena especial de $300.00 por cada uno de los nueve (9) cargos. No obstante, argumentó que el señor Laracuente Vélez no cuenta con los recursos económicos para sufragar la penalidad impuesta y, añadió que, debido a su confinamiento, se encuentra en estado de indigencia. Alegó, además, que la cuenta del señor Laracuente Vélez con el Departamento de Corrección y Rehabilitación (en adelante, "DCR") refleja sus escasos recursos.

Surge del expediente que, el 6 de marzo de 2025, el foro primario celebró una vista para atender la *Moción solicitando se exima de la pena especial al amparo de la Ley 34*.[4] En esa misma

---

[2] Apéndice del peticionario, anejo VII, págs. 29-30.
[3] *Íd.,* anejo VIII, págs. 31-34.
[4] *Íd.,* anejo X y XI, págs. 37-41.

fecha, el foro primario emitió una *Resolución y Orden*, reducida a escrito el 15 de abril de 2025 y notificada el 21 de abril de 2025, en la cual concluyó que el señor Laracuente Vélez es indigente.[5] Por lo cual, ordenó que se le eximiera de pagar la pena especial en los casos ISCR202100348, ISCR202100349, ISCR202201126, ISCR202201127 y ISCR202201128.

En desacuerdo, el 17 de marzo de 2025, el Pueblo presentó *Escrito Urgente en Solicitud de Reconsideración.*[6] Alegó que no procede la exención del pago de la pena especial, ya que el alegado estado de indigencia del señor Laracuente Vélez no estaba presente ni al momento del acuerdo de culpabilidad ni al dictarse sentencia. Argumentó, además, que no se desfiló prueba de la alegada indigencia o carencia de capacidad económica del señor Laracuente Vélez durante su proceso judicial. Asimismo, enfatizó que el señor Laracuente Vélez fue representado por un abogado de la práctica privada durante el juicio e imposición de sentencia. Por último, arguyo que el señor Laracuente Vélez no logró establecer alguna de las condiciones esbozadas en la Sección 4 de la Ley Núm. 34-2021.

En consecuencia, el foro primario emitió *Orden* el 23 de abril de 2025, notificada el 29 de abril de 2025, mediante la cual declaró *No ha Lugar* la solicitud de reconsideración.[7]

Aun inconforme, el 29 de mayo de 2025, el Pueblo acudió ante nos mediante el recurso de *Certiorari* y planteó la comisión de los errores siguientes:

> Erró el Honorable Tribunal de Primera Instancia al concederle una exención del pago de la pena especial al señor Laracuente Vélez, a pesar de que este contó con la representación de un abogado privado durante el proceso penal y no se estableció su indigencia al momento de ser sentenciado.
>
> Erró el Tribunal de Primera Instancia al eximir al señor Laracuente Vélez de pagar la pena especial únicamente bajo el fundamento de que este compareció representado por la

---

[5] *Íd.,* anejo XII, págs. 42-43.
[6] *Íd.,* anejo XIII, págs. 44-49.
[7] *Íd.,* anejo XIV, pág. 50.

Sociedad para Asistencia Legal en la etapa postsentencia, siendo esta una circunstancia que no estaba presente cuando se le impuso la sentencia.

Por su parte, el señor Laracuente Vélez presentó su *Escrito en Cumplimiento de Orden*.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Certiorari criminal**

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Pueblo Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372, (2020); *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009). Esto es, distinto al recurso de apelación, el foro revisor puede expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* supra; *Pueblo v. Díaz De León,* supra, pág. 918. Sin embargo, la discreción del Tribunal revisor no es irrestricta. *Pueblo v. Rivera Maldonado,* supra. Así pues, nuestro ordenamiento jurídico aclaró que el foro revisor al ejercer su discreción debe hacerlo con cautela y por razones de peso. *Pueblo v. Díaz De León,* supra, pág. 918.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece unos criterios para que el Tribunal Intermedio ejerza con prudencia su discreción al momento de atender una solicitud de expedición de un auto de *Certiorari. Pueblo v. Rivera Maldonado,* supra. En lo pertinente, la referida regla establece los criterios siguientes:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Maldonado*, supra, pág. 373.

**B. Pena Especial**

La Ley Núm. 146-2012, según enmendada, conocida como *Código Penal de Puerto Rico de 2012* (en adelante, "Código Penal"), en su Artículo 61 dispone como sigue:

> Además de la pena que se impone por la comisión de un delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien (100) dólares, por cada delito menos grave y trescientos (300) dólares por cada delito grave. La pena aquí dispuesta se pagará mediante los correspondientes comprobantes de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito. Esta penalidad se fijará según se dispone en la "Ley para la imposición de la Pena Especial del Código Penal de Puerto Rico".

33 LPRA sec. 5094.

En virtud de la Ley Núm. 34-2021, conocida como "Ley para la imposición de la pena especial del Código Penal de Puerto Rico", 4 LPRA sec. 1661 *et seq.* (en adelante, "Ley Núm. 34-2021"), se estableció un procedimiento que permite considerar la indigencia de una persona al momento de determinar la imposición de la pena especial requerida por el Artículo 61 del Código Penal. Con el propósito de "garantizar la igual protección de las leyes a toda persona convicta que por su condición social no pueda satisfacer la pena especial". 4 LPRA sec. 1662. De modo que, la persona convicta "pueda ser acreedora de los beneficios y privilegios que nuestro ordenamiento jurídico ofrece en pro de su rehabilitación moral y social". *Íd.* Nuestra Asamblea Legislativa entendió que:

> La ausencia de dicho proceso presenta una seria dificultad constitucional: cuando la persona convicta es pobre y no puede pagar la pena especial, por el solo hecho de su condición social, no se beneficiará de los beneficios ofrecidos para los que sí pueden pagar la pena especial. En términos prácticos, esto significa que, una persona que no cumpla con la pena especial por su condición económica podría permanecer mayor tiempo en la cárcel, sin cualificar para los programas de desvío, en comparación con otra persona que tenga la misma sentencia y capacidad económica para satisfacer la pena especial.

Véase, *Exposición de Motivos* de la Ley Núm. 34-2021, *supra*.

Por lo cual, la Sección 4 de la Ley Núm. 34-2021 reconoce que el Tribunal —a iniciativa propia o a solicitud de parte— podrá aplicar una exención al pago de la pena especial, si ocurre una de la siguientes: (i) no hay objeción fundamentada por parte del Ministerio Público; (ii) la persona convicta es indigente representada por una institución que ofrece representación legal gratuita o abogado de oficio; y (iii) el Tribunal comprueba a su satisfacción la indigencia. 4 LPRA sec. 1665. Además, la legislación reconoce la presunción de indigencia en la persona convicta, siempre ocurra una de las circunstancias siguientes: (1) se encuentre representada por una organización o persona que ofrezca servicios legales a personas de

escasos recursos; y (2) aun cuando cualificó para ser representada por una organización o persona que ofrezca servicios legales a personas de escasos recursos, no fue representada por estos, debido a razones ajenas a los recursos económicos. *Íd.*

De otra parte, la Sección 6 de la Ley Núm. 34-2021 reconoce el derecho a solicitar post sentencia la exención del pago de la pena especial, a saber:

> Luego de dictada la sentencia, la persona convicta podrá presentar una petición para la celebración de una vista con el fin de considerar la concesión de la exención o el pago a plazos. El peticionario deberá exponer las razones para la celebración de dicha vista, basada en su condición de indigencia o falta de capacidad económica para satisfacer la pena especial correspondiente. Celebrada la vista, el tribunal determinará si procede la exención, el pago a plazos o el saldo total de la pena especial impuesta a la persona convicta.

4 LPRA sec. 1666.

Incluso, la Ley Núm. 34-2021 reconoce que su aplicación es retroactiva. 4 LPRA sec. 1661 nota. Esto es, el precitado estatuto podrá ser aplicado a personas convictas y sentenciadas antes de su vigencia, ya sea bajo el Código Penal de 2004 o el Código Penal de 2012. *Íd.*

En cuanto al momento de determinar el estado de indigencia, la Ley Núm. 34-2021 no hace ninguna precisión, pero su *Exposición de Motivos* reza como sigue:

> A los fines de lograr este cometido inspirado en un principio de equidad ante la ley, creamos la "Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico" para establecer un procedimiento que **tome en consideración la condición de indigencia de la persona convicta al momento en que el Tribunal evalúe la posibilidad de imponer la pena especial** según estatuida en el Código Penal.

Véase, *Exposición de Motivos* de la Ley Núm. 34-2021, *supra* (énfasis suplido).

Así pues, interpretamos que la intención legislativa era que el Tribunal considera el estado de indigencia de la persona convicta al momento en el cual vaya a evaluar la imposición de la pena especial.

Lo anterior es consonó con las expresiones de nuestra Alta Curia a saber:

> [L]a pena especial impuesta es inextricablemente parte de la sentencia. Es decir, es parte de ese pronunciamiento que hace el tribunal que condena al acusado a compensar, de alguna forma, el daño causado. [...] No podemos entonces fraccionar la sentencia cuando se peticiona su modificación, específicamente en cuanto a su pena especial. Por lo tanto, es preciso concluir que al solicitar la modificación de la pena especial, a su vez, se está solicitando la modificación de la sentencia.

*Pueblo v. Silva Colón*, 184 DPR 759, 777 (2012).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso ante nos, el Pueblo alegó que el foro primario abusó de su discreción al: (i) eximir al señor Laracuente Vélez del pago de la pena especial; (ii) apartarse del texto claro de la Ley Núm. 34-2021, *supra,* y (iii) descansar en meras alegaciones de incapacidad económica del recurrido. Arguyó, además, que el señor Laracuente Vélez demostró contar con recursos económicos a través de su proceso penal al estar representado por abogado privado. Le asiste la razón, veamos.

Conforme discutimos en el acápite II de esta *Sentencia*, la Ley Núm. 34-2021 tiene la finalidad de garantizar la igual protección de las leyes a toda persona convicta que se le imponga el pago de la pena especial. Por ello, el mencionado estatuto instituye un procedimiento para que el Tribunal —*motu proprio* o a iniciativa de parte— considere la condición social de la persona convicta al momento de imponer el pago de la pena especial requerida por el Artículo 61 del Código Penal. Esto es, el Tribunal deberá evaluar el estado de indigencia de la persona convicta al momento de dictar la sentencia, toda vez que la pena especial es inextricablemente parte de la sentencia. *Pueblo v. Silva Colón*, supra.

Consta en el expediente ante nuestra consideración que, el foro primario dictó *Sentencia* contra el señor Laracuente Vélez y, en lo aquí pertinente, le impuso el pago de $300.00 en concepto de pena especial por cada uno de los nueve cargos. Véase, apéndice del peticionario, anejo VII, págs. 29-30. Asimismo, surge del expediente que, el señor Laracuente Vélez —durante su procedimiento penal— suscribió una alegación de culpabilidad[8] y estuvo representado por un abogado de la práctica privada[9]. En otras palabras, al momento de dictarse la sentencia, el señor Laracuente Vélez no tenía la condición social de indigencia. Incluso, no surge del expediente que, durante el curso de su procedimiento penal, se haya alegado una carencia de capacidad económica ni mucho menos que esta haya sido demostrada. No obstante, luego de dictarse sentencia, el señor Laracuente Vélez presentó una solicitud para que se le eximiera del pago de la pena especial bajo el fundamento de que era indigente por estar confinado y representado por SAL.

Ciertamente, podemos constatar del expediente que el señor Laracuente Vélez hizo la solicitud de exención a través de un abogado de SAL. Véase, apéndice del peticionario, anejo VIII, págs. 31-34. Ahora bien, el hecho de que su condición social se haya afectado como consecuencia de su confinamiento no es una razón suficiente en derecho que amerite apartarnos de los postulados establecidos en nuestro ordenamiento. La alegada condición de indigencia no estaba presente al momento en el cual se impuso la pena especial, es decir, al momento de dictarse la sentencia. Reiteramos que, la pena especial estatuida en el Artículo 61 del Código Penal es inextricablemente parte de la sentencia. *Pueblo v. Silva Colón*, supra.

---

[8] Véase, apéndice del peticionario, anejo VI, págs. 27-28.
[9] *Íd.,* anejo IX, pág. 35.

Así pues, concluimos que procede revocar la *Resolución y Orden* recurrida, la cual tuvo el efecto de modificar la sentencia del señor Laracuente Vélez. En consecuencia, reinstalamos la *Sentencia* emitida el 1 de junio de 2023 por el foro primario.

**-IV-**

Por los fundamentos previamente expuestos, se **expide** el auto de *Certiorari* y se **revoca** la determinación recurrida. Consecuentemente, se **reinstala** la *Sentencia* emitida el 1 de junio de 2023 por el foro primario.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones